## Darwin v. Darwin.

*Practice, C. P.—Divorce—Jurisdiction—Question not raised—Consent to jurisdiction.*

1. The consent of a party cannot, in divorce, create a jurisdiction of the subject-matter which the court would not otherwise have.

2. Upon a libel in divorce, the only cause alleged was desertion. The evidence did not support the charge, but libellant was permitted to amend the libel by adding charges of adultery. There was evidence of adultery, alleged to have been committed after the original filing of the libel, and no objection was made to the introduction of such evidence: *Held*, no matter how expressed, consent of the parties, even with the consent of the court added, cannot give jurisdiction of a libel in divorce unless the libellant establishes that the cause for which the suit is brought existed prior to the filing of the libel.

Exceptions to master's report. C. P. No. 5, Phila. Co., March T., 1921, No. 410, Divorce *a. v. m.*

*Hepburn, Dechert & Norris,* for libellant; *W. Brown, Jr.,* for respondent.

MONAGHAN, J., March 16, 1925.—On Feb. 10, 1921, the husband filed a libel. The only cause alleged for divorce was desertion by the wife on March 14, 1920. This was denied in an answer duly filed by the respondent. The case was not referred to the master until March 16, 1922. At the conclusion of the first meeting, held April 3, 1922, counsel for the husband requested that further taking of testimony be deferred until he had an opportunity to present a petition to the court for an amendment of the libel. Thereafter, on the same day, he presented a petition for a rule to show cause why the libel should not be amended by adding charges that the respondent had committed adultery with Alfred Parker, in New York, during the period between March 1st and April 30, 1921; and in Philadelphia, on or about Jan. 23, 1922. To this petition the respondent made answer, specifically denying the charges and objecting to the allowance of the amendment, because the adulteries were alleged to have been committed subsequent to the date of the filing of the libel. The court, nevertheless, allowed the amendment. A bill of particulars was filed. The respondent answered, denying each of the allegations in the bill and of the amended libel. After the conclusion of the hearings in the cause, the master filed his report. He found (1) that the charge of desertion has not been sustained; and (2) that the respondent had committed adultery with Parker in New York during April, 1921; and recommended a decree of divorce *a vinculo matrimonii* for the cause, which, in his opinion, was established.

After a careful examination of the testimony, we are convinced that the master is correct in his finding that the charge of desertion has not been sustained.

The only evidence introduced to prove adultery was of acts alleged to have been committed after the filing of the original libel. Whether the charge of adultery has been established, however, is of no moment, because we have arrived at the conclusion that we are without jurisdiction to enter a decree of divorce for adultery committed after the filing of the original libel: Ackerman *v.* Ackerman, 3 D. & C. 296; Galbogis *v.* Galbogis, 21 Dist. R. 515. There are several decisions to the contrary: Getz *v.* Getz, 14 Dist. R. 69; Ryan *v.* Ryan, 19 Dist. R. 856; Litch *v.* Litch, 27 Dist. R. 1029; but we do not agree with the reasoning of these cases.

The fact that the court improvidently allowed the amendment, or that the respondent's counsel did not object to the testimony in support of the adultery charges, cannot operate to confer jurisdiction on this court. No matter how

Darwin v. Darwin.

expressed, consent of the parties, even with the consent of the court added, cannot give jurisdiction of a libel in divorce unless the libellant establishes that the cause for which the suit is brought existed prior to the filing of the libel. This prerequisite is not in the nature of a personal privilege or safe-guard which the respondent may waive or the court, in its discretion, dis-pense with. The consent of a party cannot, in divorce, create a jurisdiction of the subject-matter which the court would not otherwise have.

While the exceptions to the report do not specifically raise the question here discussed, we are, nevertheless, without jurisdiction to enter a decree of divorce. The libel is dismissed.